## Orleans

## No. 13,847

---

## LEON v. KLEIN

---

(January 11, 1932. Opinion and Decree.)

---

Matthew A. Grace, of New Orleans, attorney for plaintiff, appellee.

Elias Bowsky, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Leon sues for $300 which he alleges is the value of certain articles which he left with Klein for safekeeping in November, 1928. The articles consisted of an automobile battery recharger, certain shop equipment and four very old automobiles.

Klein admits that he received the articles enumerated but maintains that the

battery recharger was sold by him, with plaintiff's authorization, for the sum of $100, and that the four automobiles were removed by employees of plaintiff about a month after they were left with him. He also asserts that all of the property over which this suit results, had very little value.

Defendant contends that when the battery recharger was sold, plaintiff knew that it brought only $100; that only $50 of the said amount was paid in cash, and that the said $50 was paid over to plaintiff by check, which check bore on its face a statement to the effect that it was to be received in full settlement for the battery recharger.

There was introduced in evidence the check referred to and it is for the sum of $50 and it bears on its face the words "in full settlement of recharger." This check was endorsed and cashed by plaintiff but he testified that when he cashed it the words above quoted were not on it.

There is evidence, which was apparently believed by the trial judge, and which is corroborative of plaintiff's testimony, and we cannot say that the judgment based on this evidence is manifestly erroneous. In fact, we, ourselves, are still convinced from the evidence that the words which we have quoted and which now appear on the check were not there when the check was presented to plaintiff.

The value of the property is doubtful but since it was fixed by his honor below we feel that the ends of justice will be best served by not interfering on a question of amount where the amount as fixed by the trial court is not manifestly erroneous.

Only questions of fact are involved and, since the judgment appealed from is not patently incorrect, it is affirmed.